**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**DOCKET NO. 5:13-CR-15-1FL**

| | | |
|---|---|---|
| **United States Of America** | ) | **ORDER MODIFYING AND CONTINUING SUPERVISION** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Dionysis Williams** | ) | |
| | ) | |

On June 4, 2014, Dionysis Williams appeared before the Honorable Louise W. Flanagan, U.S. District Judge in the Eastern District of North Carolina, and upon an earlier plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute 280 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), Distribution of a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), (Counts 2, 3, 5, 6, 7), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1), was sentenced to the custody of the Bureau of Prisons for a term of 165 months. Additionally, it was ordered by the court that the defendant be placed on supervised release for 5 years upon release from imprisonment. Dionysis Williams was released from custody and the term of supervised release commenced on November 14, 2025.

From evidence presented at the initial appearance for revocation hearing on August 4, 2026, the court finds as a fact that Dionysis Williams, who is appearing before the court with counsel, has not violated the terms and conditions of the judgment as follows:

1. Failure to permit the probation officer to visit at home or elsewhere.

It now appears that the ends of justice would best be served by denying the motion for revocation before the court this date and continuing supervision with the following modifications: The defendant is ordered to comply with the following mandatory and standard conditions referenced in the Eastern District of North Carolina's Standing Order 21-SO-5 and the special conditions previously imposed in docket number 42, along with the following additional special condition:

<u>Mandatory Conditions</u>

1. You must not commit another federal, state, or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determiner by the court (unless suspended by the court).

4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (if applicable).

5. You must cooperate in the collection of DNA as direct by the probation officer (if applicable).

6. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, or are a student, or were convicted of a qualifying offense (if applicable).

7. You must participate in an approved program for domestic violence (if applicable).

Standard Conditions

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision he or she observed in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

Special Conditions

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

3. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall participate as directed in a program approved by the probation officer for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence of participation in a residential treatment facility.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure employment.

7. The defendant shall participate in a vocational training program as directed by the probation officer.

Additional Special Condition

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

**IT IS, THERFORE, ORDERED AND ADJUDGED** that the supervised release term heretofore granted be continued with the above-ordered conditions.

**IT IS FURTHER ORDERED**, that the United States Probation Office shall submit status updates to the court 6 weeks and 18 weeks after the hearing date.

This the 4th day of August, 2026.

Louise W. Flanagan
U.S. District Judge